FILED
2005 Jul-07  AM 08:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ST. PAUL FIRE & MARINE INSURANCE COMPANY,** ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Civil Action No. 05-VEH-999-S |
| **JRHBW REALTY, INC.,** ) ) | |
| Defendant. ) | |

**Memorandum of Opinion**

## I. INTRODUCTION

This is a civil action for declaratory judgment brought by the Plaintiff, St. Paul Fire & Marine Insurance Company ("St. Paul"), against the Defendant, JRHBW Realty, Inc. The case is presently before the Court on the Motion to Dismiss of St. Paul. (Doc. 5). For the reasons stated herein, the Motion will be **DENIED**.

## II. ALLEGATIONS OF THE COMPLAINT

Realty South was an insured of St. Paul under a professional liability insurance policy. RealtySouth entered into a contract with Cooper and Anna Brooke Johnson for the purchase of a residence owned by Lamar Farmer and David Villarreal. The Johnsons sued RealtySouth as a result of this sale, alleging that, subsequent to the June 2, 2003, closing, they discovered groundwater seeping into the basement of the

residence. The Johnsons further contended that RealtySouth and the other defendants concealed fromand/or failed to disclose the groundwater seepage problem to them until the purchase was closed.

RealtySouth seeks a defense and indemnification under the aforementioned liability policy. St. Pauls has filed this action seeking a declaration as to whether it must provide same.

### III.   STANDARD FOR MOTION TO DISMISS

> We accept the facts of the complaint as true and view them in the light most favorable to the nonmoving party. *Id.* Dismissal pursuant to Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples,* 256 F.3d at 1283-84 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

*Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004).

### IV.   ANALYSIS

> When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective. *See Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.,* 120 F.3d 216, 218-20 (11th Cir.1997). In other words, the value of the requested . . . relief is the monetary value of the benefit that would flow to the plaintiff if the [declaratory relief] were granted.

*Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000).

The Defendant argues that the action is due to be dismissed because there is no evidence that the amount in controversy is satisfied because "the monetary value of the requested declaratory relief is 'too speculative and immeasurable to satisfy the amount in controversy.'" *Defendant's Motion to Dismiss*, at 3.  In this case it is clear that the value of the underlying claims exceeds $75,000.00.

Although the determination of whether the requisite amount in controversy exists is a federal question, state law is relevant to this determination insofar as it defines the nature and extent of the right a plaintiff seeks to enforce.  *See Castener v. Hennissey*, 781 F.2d 1569, 1570 (11th Cir. 1986).  A party may prove the amount in controversy by comparing the allegations in the case to verdicts in similar cases in Alabama.  *Barber v. Wal-Mart Stores, Inc.*, 2000 WL 1843644 *1, *4 (S.D. Ala.) ("The defendant may also present decisions rendered in comparable cases that yielded liability in excess of $75,000.00.").  The plaintiffs in the underlying lawsuit seek compensatory and punitive damages for fraud/misrepresentation and suppression/concealment, in addition to breach of fiduciary duty, outrage, and negligence and wantonness.  In Alabama, punitive damage awards in excess of $75,000.00 have been upheld in cases involving misrepresentation or suppression.  The Plaintiff cited several such awards to the Court.  Even without punitive damages, juries in Alabama routinely award damages in such circumstances in excess of

$75,000.00. In addition, a fair valuation of the benefit of declaratory relief to the Plaintiff would also include the costs of the defense of the underlying action.

## V. CONCLUSION

The monetary value of the object of the litigation (the underlying lawsuit, the cost of its defense and the potential costs to indemnify Defendant from same) from the Plaintiff's perspective, is well over $75,000.00. The Motion to Dismiss will be **DENIED**.

DONE this 7th day of July, 2005.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge